**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **BASIL MOORE**, <br><br> Defendant. | Case No. 7:11-CR-48 (HL) |

**ORDER**

This case is before the Court on Defendant Basil Moore's Motion to Reconsider Defendant's Motion to Compel. (Doc. 72). On June 15, 2015, the Court entered an Order denying Defendant's motion to compel disclosure of a memorandum prepared by Senior Assistant District Attorney Brian McDaniel and provided to Assistant United States Attorney Leah McEwen detailing Defendant's cooperation with the State of Georgia. Upon reviewing a similar motion filed by Defendant on April 14, 2014, the Court concluded Defendant's trial counsel previously provided Defendant with the documentation sought.

Defendant acknowledges his prior motion and admits receiving a copy of a memorandum prepared by AUSA McEwen and submitted to United States Probation Officer Jeff Ross. However, Defendant states that he presently is seeking a different document, namely a copy of a memo prepared by ADA McDaniel for AUSA McEwen that Defendant avers was a basis for the memo provided to USPO Ross.

Local Rule 7.6 provides that "[m]otions for reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Courts will grant reconsideration "only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that the new evidence has been discovered which was not previously available to the parties in the exercise of diligence, or (3) that the court made a clear error of law." McCoy v. Macon Water Authority, 966 F.Supp. 1209, 1222-23 (M.D. Ga. 1997). "[A] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined." Pennamon v. United Bank, 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (quoting Am. Ass'n of People with Disabilities v. Hood, 278 F.Supp.2d 1337, 1340 (M.D. Fla. 2003)).

Defendant here has not stated an adequate legal basis for the Court to alter its prior ruling. First, the Court shows that the document Defendant seeks to compel is precisely the same memo Defendant requested in his April 14, 2014 motion:

> Wherefore, Basil Moore, pro se defendant in this Motion To Compel, prays that this court will grant him the relief he seeks. That being, a ruling in his favor in concerns and regards to obtaining a full copy of any correspondences, memos, and attachments thereby, submitted to AUSA Leal McEwen from Brian McDaniel, Senior Assistant District Attorney for the Southern Judicial Circuit, outlining the facts of Basil Moore's substantial assistance, to AUSA Leah McEwen.

(Doc. 66, p. 4). In his Motion to Withdraw/Dismiss that motion (Doc. 69), Defendant informed the Court that he "has finally received a copy of the requested document from his attorney." Defendant fails to distinguish how the document he now asks the Court to compel is any different from that which he already admits receiving.

Further, to the extent that Defendant requests the Court to Compel the Government to produce an internal document prepared by an attorney for the Government, Defendant's motion is due to be denied. Federal Rule of Criminal Procedure 16(a)(2) specifically excludes from discovery internal reports, memoranda, or other government documents compiled by a government attorney or agent in the course of investigating or prosecuting a case.

Defendant has not articulated a cognizable basis for the Court to revise its ruling. Accordingly, Defendant's motion for reconsideration (Doc. 72) is denied.

**SO ORDERED** this 16th day of July, 2015.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

aks