IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**BASIL MOORE**,<br><br>    Defendant. | Case No. 7:11-CR-48 (HL) |

## ORDER

Before the Court is Defendant Basil Moore's Motion and Plea for a De-Novo Review of Defendant's Amended Judgment. (Doc. 74). Upon consideration, Defendant's motion is denied.

On April 4, 2012, Defendant pled guilty to Counts One and Two of a four-count indictment. (Docs. 39, 40). Both of these counts charged Defendant with a violation of 18 U.S.C. § 922(g)(1), "Possession of a Firearm by a Convicted Felon." The Court thereafter sentenced Defendant to serve a prison term of 120 months as to Count One and 120 months as to Count Two, to run consecutively for a total term of imprisonment of 240 months and to be followed by three years of supervised release.[1] (Doc. 52). Then, on September 24, 2012, the Government filed a motion for relief pursuant to Federal Rule of Criminal Procedure 35(b) (Doc. 59) to lower Defendant's sentence to reflect subsequent

---

[1] The Court sentenced Defendant on July 16, 2012. Defendant filed a Notice of Appeal on July 26, 2012. (Doc. 54). The Eleventh Circuit Court of Appeals later dismissed the appeal pursuant to the appeal waiver in Defendant's plea agreement. (Doc. 65).

substantial assistance offered by Defendant in a murder trial that took place in the Superior Court of Colquitt County. Taking Defendant's substantial assistance into account, the Court entered an amended judgment on February 21, 2013 (Doc. 63), again sentencing Defendant to a term of imprisonment of 120 months as to Count One but reducing Defendant's sentence as to Count Two to 96 months, to be served consecutively for a total term of imprisonment of 216 months plus three years supervised release.

Defendant never sought reconsideration of the Court's order reducing his sentence, nor did he seek any other appellate relief challenging the legality of the sentence. Now, more than three years later, Defendant implores the Court to revisit the issue and to reduce his sentence further. Defendant suggests that the memorandum prepared by the Government and submitted to the United States Probation Office in support of the Rule 35(b) motion did not adequately convey the significance of the assistance Defendant and his family members offered state authorities and did not sufficiently emphasize the dangers to which Defendant subjected himself by agreeing to testify in the state court murder trial.

As general rule in this district, motions for reconsideration "shall not be filed as a matter of routine practice." M.D.Ga. L.R. 7.6. However, where such a motion is warranted, the motion shall be filed within 28 days after the entry of the

order or judgment. Id.[2]; see also Fed.R.Civ.P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Upon consideration of the Government's Rule 35(b) motion, the Court entered an amended judgment reducing Defendant's sentence on February 21, 2013. Defendant did not file this motion for reconsideration until May 31, 2016, well outside the 28 day time period permitted by the rule.

Disregarding the issue of timeliness, Defendant still has failed to present evidence warranting review of the Court's prior judgment. "The only grounds for granting [a motion for reconsideration] are newly discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations omitted). Thus, the court will only grant such a motion when the movant demonstrates: "(1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law." Mason v. Georgia, 2013 WL 3227935, at *1 (M.D. Ga. June 25, 2013) (citing McCoy v. Macon Water Auth., 966 F.Supp. 1209, 1222-23 (M.D. Ga. 1997)).

Defendant does not suggest that the Court erred in reducing his sentence. Rather, his argument is that the Government did not adequately inform the Court

---

[2] Local Rule 7.6 presently requires that, with the exception of motions filed pursuant to Fed.R.Div.P. 59(e), motions for reconsideration shall be filed within 14 days after the entry of the order. However, the rule in effect at the time of entry of the amended judgment in Defendant's case permitted a 28 day window to file the motion.

regarding the extent of Defendant's cooperation in the state court prosecution. Even assuming additional information existed describing the impact of Defendant's substantial assistance, Defendant cannot demonstrate that these other details may have altered the Court's recalculation of his sentence. The Court's decision to grant or deny a Rule 35(b) motion is discretionary, and Defendant has failed to present evidence that the Court's order reducing his sentence by 24 months was either an abuse of discretion or in some way resulted in an illegal sentence. See United States v. Manella, 86 F.3d 201, 203 (11th Cir. 1996). Defendant's motion for reconsideration is accordingly denied.

    **SO ORDERED** this 30th day of June, 2016.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks